No. 22-12421

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

HENRY LOSCH,

*Plaintif - Appellant*,

v.

EXPERIAN INFORMATION SOLUTIONS

*Defendant – Appellee.*

Appeal from the United States District Court
for the Middle District of Florida

No. 2:18-cv-00809-MRM

---

## APPELLANT'S OPENING BRIEF

---

David Chami, Esq.
Susan Rotkis, Esq.
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
david@pricelawgroup.com
susan@pricelawgroup.com

*Attorneys for Appellant*
*Henry Losch*

**No. 22-12421**
**Losch v. Experian Info. Sols. Inc.**

## <u>CERTIFICATE OF INTERESTED PERSONS AND</u>
## <u>CORPORATE DISCLOSURE STATEMENT</u>

Plaintiff-Appellant Henry Losch (Mr. Losch), pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, provides this Certificate of Interested Persons and Corporate Disclosure Statement. Appellant is not a publicly held corporation and has no parent corporations, affiliates, or subsidiaries with an interest in the outcome of this case. Identifiable interested parties to the action are:

| | |
|---|---|
| Barr, Callie M. | Counsel for Appellee |
| Chami, David | Counsel for Appellant |
| Experian Information Solutions - EXPN | Defendant – Appellee |
| Hall, Christopher A. | Counsel for Appellee |
| Losch, Henry | Plaintiff – Appellant |
| McCoy, Mac R. | U.S. Magistrate Judge, Trial Judge |
| Rotkis, Susan | Counsel for Appellant |
| Ruiz, Maria Helena | Counsel for Appellee |
| Swift, Aaron M. | Counsel for Appellant |
| Wiers, Adam W. | Counsel for Appellee |
| Yancey, III, Michael Everett | Counsel for Appellant |

Respectfully Submitted,

/s/ David Chami
David A. Chami
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
david@pricelawgroup.com

Susan M. Rotkis
Price Law Group, APC
2290 East Speedway Boulevard
Tucson, AZ 85719
T: (818) 600-5506
F: (818) 600-5406
susan@pricelawgroup.com

*Attorneys for Appellant,*
*Henry Losch*

## STATEMENT REGARDING ORAL ARGUMENT

Appellant Losch requests oral argument.

# <u>TABLE OF CONTENTS</u>

Page

**Certificate of Interested Persons and Corporate Disclosure Statement** ........C-1

**Statement Regarding Oral Argument** ...................................................................i

**Table of Contents** ..............................................................................................ii

**Table of Citations** .............................................................................................v

**Statement of Jurisdiction** .............................................................................. viii

**Statement of the Issues** .....................................................................................1

**Statement of the Case** ......................................................................................2

    Procedural History ...........................................................................................2
    Statement of Facts ...........................................................................................3
    Standard of Review .........................................................................................5

**Summary of the Argument** ..............................................................................6

    Argument .......................................................................................................10
    I.    The District Court Made Numerous Erroneous Evidentiary
          Rulings that Caused Losch Substantial Prejudice and Substantially
          Influenced the Proceedings and Outcome of Trial; Accordingly,
          Losch Respectfully Requests that this Honorable Court Vacate the
          Judgment and Remand to the District Court for a New Trial ...............10
          A.    The District Court's Erroneous Admission of Losch's
               Bankruptcy Filings (The Amended Motion to Set Aside)
               was Irrelevant to the Disputed Issues, Caused Losch
               Substantial Unfair Prejudice, Substantially the
               Proceedings and Outcome of Trial. ...............................................10
          B.    The District Court's Erroneous Admission of Losch's
               Second Amended Complaint ("SAC"), which was also
               Irrelevant, Inadmissible Hearsay, and Unfairly Prejudiced
               Losch also had Substantial Influence on the Outcome of
               the Proceedings and Caused Substantial Prejudice to
               Losch ...........................................................................................18
               1.    The SAC was Irrelevant and Admission of the SAC—Much
                    Less with No Proper or Limiting Instruction on Use of the
                    SAC—is Reversible Error ..................................................21
                2.    The SAC is Inadmissible Hearsay and Admission and
                      Consideration of the SAC for the Truth of the Matters

Concerning Damages, Fault, and Liability is Reversible Error ...................................................................................25

3.   Admission of the SAC was Unfairly Prejudicial under FRE 403 and Also Reversible Error. ............................................27

4.   The District Court's Failure to Conduct the Requisite FRE 403 Balancing Test is also Reversible Error .......................27

C.   The District Court's Judicial Notice Instruction Accompanying Admission of the SAC was also Erroneous, Unfairly Prejudiced Losch, and Confused and Misled the Jury ............................................................................29

1.   Judicial Notice of 11 U.S.C. §§ 524(C) and 524 (C)(4) was Improper, since these Provisions of the United States Bankruptcy Code were Irrelevant to the Disputed Issues, and Caused Substantial Unfair Prejudice, and Substantially Influenced the Proceedings and Outcome of Trial .............31

2.   11 U.S.C. §§ 524(c) And 524 (c)(4) Were Irrelevant .........32

D.   The District Court's Erroneous Ruling Precluding Losch from Referencing or Introducing Evidence that the Other National CRAs Correctly Reported the Tradeline at Issue in this Lawsuit had Substantial Influence on the Outcome of the Proceedings and Caused Substantial Prejudice to Losch ......................................................................................35

E.   The District Court's Erroneous Ruling on Experian's Motions in Limine Precluding Losch from Referencing or Introducing Evidence of Experian's Corporate Size and Resources when the Question of Resources is Relevant to the Issue of Reasonableness of Consumer Reporting Agency Procedures, also had Substantial Influence on the Outcome of the Proceedings and Caused Substantial Prejudice to Losch ........................................................41

II.   The District Court's Refusal to Give Losch's Proposed Jury Instructions, Proposed Limiting/Curative Instructions, and Overruling of Losch's Objections to Certain Jury Instructions Caused Substantial Prejudice to Losch and Seriously Impaired Losch's Ability to Present an Effective Case; Accordingly, Losch Respectfully Requests this Honorable Court Vacate the Judgment and Remand to the District Court for a New Trial ................................43

A.   The District Court's Erroneous Jury Instruction that Losch had the Burden of Proof Regarding the Unreasonableness of Experian's Procedures under 15 U.S.C. § 1681e(B) of

the FCRA Caused Substantial Prejudice, Seriously
Impaired Losch's Ability to Present an Effective Case,
and is Reversible Error ................................................................43

B. The District Court's Erroneous Failure to Give Losch's
Requested Curative/Limiting Jury Instructions Regarding
Experian's Use of the Bankruptcy Documents, and SAC
During Trial, and Settlement with Nationstar, When these
were Admittedly Irrelevant to the Disputed Issues,
Inadmissible Hearsay, and Unfairly Prejudicial to Losch,
also Caused Substantial Prejudice and Seriously Impaired
Losch's Ability to Present an Effective Case ................................47

C. The District Court's Refusal to Give Losch's Requested
Curative or Limiting Jury Instructions Regarding
Experian's Disparaging, Unfairly Prejudicial Statements
about Losch's Counsel During Trial also Caused
Substantial Prejudice and Seriously Impaired Losch's
Ability to Effectively Present His Case ........................................51

D. The District Court's Erroneous Allowance of a Duty to
Mitigate Jury Instruction also Caused Substantial
Prejudice and Seriously Impaired Losch's Ability to
Present an Effective Case. ..........................................................56

**Conclusion** ....................................................................................................**60**

**Certificate Of Compliance with Type-Volume Limit, Typeface
Requirements, and Type-Style Requriements** ....................................**63**

**Certificate Of Service** ................................................................................**64**

iv

# TABLE OF CITATIONS

**Cases ..................................................................................... Page(s)**

*Addison v. Arnett*,
    CIVIL ACTION NO.: 2:13-cv-71 (S.D. Ga. July 6, 2016) ................................22

*Barker v. Niles Bolton Assoc*,
    316 F. App'x 933 (11th Cir. 2009).................................................................50

*Benjamin v. Experian Info. Sols.*,
    No. 1:20-cv-02466-CC-RDC, 2021 U.S. Dist. LEXIS 179980 (N.D.
    Ga. Aug. 4, 2021), *adopted by* 2021 U.S. Dist. LEXIS 178193
    (N.D. Ga., Sept. 20, 2021) .............................................................................36

*Blossom v. CSX Transportation, Inc.*,
    13 F.3d 1477 (11th Cir. 1994) ......................................................................43

*Branch v. Fidelity Casualty Co.*,
    783 F.2d 1289 (5th Cir. 1986) ......................................................................50

*Brim v. Midland Credit Management, Inc.*,
    795 F. Supp. 2d 1255 (N.D. Ala. 2011)...................................................57, 60

*Cahlin v. General Motors Acceptance Corp.*,
    936 F.2d 1151 (11th Cir. 1991) ....................................................................43

*Cline v. Southwest Wheel & Mfg. Co.*,
    390 S.W.2d 297 (Tex. Civ. App. 1965)........................................................24

*Couch v. Broward Cnty.*,
    No. 11-62126-CIV-WILLIAMS/SELTZER (S.D. Fla. June 5, 2012) ...............33

*Easterwood v. Carnival Corp.*,
    No. 19-cv-22932-BLOOM/Louis (S.D. Fla. Dec. 1, 2020).................................33

*Fed. Deposit Ins. Corp. v. Icard, Merrill, Cullis, Timm, Furen &
    Ginsburg, P.A.*,
    No. 8:11-cv-2831-T-33MAP (M.D. Fla. May 9, 2013)...............................26, 48

*Gadomski v. Equifax Info. Servs., LLC*,
    No. 2:17-CV-00670, 2020 WL 3841041 (E.D. Cal. July 8, 2020).....................37

*Garman v. Griffin*,
    666 F.2d 1156 (8th Cir. 1981) ......................................................................25

*Gibson v. Experian Information Sols., Inc.*,
    No. 20-CV-00393 (E.D. Mo. October 13, 2020)................................................37

*Gisclair v. Galliano Marine Service,*
 No. 05-5223, 2007 WL 1238902 (E.D. La. Apr. 2007)......................................33

*Guimond v. Trans Union Credit Information Co.,*
 45 F.3d 1329 (9th Cir. 1995) ............................................................43

*Hargis v. Access Capital Funding, LLC,*
 674 F.3d 783 (8th Cir. 2012) ............................................................33

*Hyde v. Hibernia Nat'l Bank in Jefferson Parish,*
 861 F.2d 446 (5th Cir.1988), *cert. denied*, 491 U.S. 910, 109 S. Ct.
 3199, 105 L.Ed.2d 706 (1989)............................................................58

*Knight v. Miami-Dade Cnty.,*
 856 F.3d 795, (11th Cir. 2017) ............................................................5

*Losch v. Nationstar Mortg.,*
 995 F.3d 937 (11th Cir. 2021) ............................................................16

*Macuba v. Deboer,*
 193 F.3d 1316 (11th Cir. 1999) ............................................................25

*Magwood v. Sec'y, Fla. Dep't of Corr.,*
 No. 3:08-cv-747-J-34JRK, 2020 U.S. Dist. LEXIS 5961 (M.D. Fla.
 Jan. 14, 2020)............................................................22

*Marcinski v. RBS Citizens Bank, N.A.,*
 36 F. Supp. 3d 286 (S.D.N.Y. 2014) ............................................................58

*McInnis v. A.M.F., Inc.,*
 765 F.2d 240, (1st Cir. 1985)............................................................51

*Mitchell v. Fruehauf Corp.,*
 568 F.2d 1139 (4th Cir. 1978) ............................................................22

*Moore v. Potter,*
 No. 3:04-cv-1057-J-32HTS (M.D. Fla. July 26, 2006) ............................................................34

*Newman v. A. E. Staley Mfg. Co.,*
 648 F.2d 330 (5th Cir. 1981) ............................................................53

*O'Connor v. Carnahan,*
 3:09cv224-WS-EMT (N.D. Fla. Oct. 21, 2015) ............................................................24

*Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC,*
 684 F.3d 1211 (11th Cir. 2012) ............................................................5

*Philbin v. Trans Union,*
 101 F.3d 957 (3d Cir. 1997) ............................................................43

*Riley v. Equifax Info. Servs.,*
2:20-cv-312-SPC-NPM, (M.D. Fla. Aug. 24, 2021) ...........................................58

*Rowe v. U.S. Bancorp,*
--- Fed.Appx. ----, 2014 WL 2700203 (11th Cir. June 16, 2014).......................22

*Semper v. JBC Legal Group,*
No. C04-2240L (W.D. Wash. Sep. 6, 2005)........................................................37

*Smith v. Santander Consumer USA, Inc.,*
703 F.3d 316 (5th Cir. 2012) ...............................................................................58

*Spach v. Monarch Insurance Co.,*
309 F.2d 949 (5th Cir. 1962) ...............................................................................53

*Stollings v. Ryobi Techs., Inc.,*
725 F.3d 753 (7th Cir. 2013) ...............................................................................53

*United States v. Augustin,*
661 F.3d 1105 (11th Cir. 2011) ..............................................................................5

*United States v. Contra Costa County Water District,*
678 F.2d 90 (9th Cir. 1982) .................................................................................51

*United States v. Feliciano,*
61 F.3d 1201 (11th Cir. 2014) ..............................................................................22

*United States v. Felts,*
579 F.3d 1341 (11th Cir.2009) ...............................................................................6

*United States v. Gibson,*
708 F.3d 1256 (11th Cir. 2013) ..............................................................................6

*United States v. Hernandez,*
145 F.3d 1433 (11th Cir. 1998) ...........................................................................53

*Vincent v. Louis Marx Co., Inc.,*
874 F.2d 36 (1st Cir. 1989).................................................................................25

*Wood v. President & Trs. of Spring Hill Coll.,*
978 F.2d 1214 (11th Cir. 1992) ..............................................................................5

**Rules**

Fed. R. Civ. P. 8(e).................................................................................................27

Fed. R. Evid. 401...................................................................................................22

Fed. R. Evid. 403...................................................................................................30

Fed. R. Evid. 408...................................................................................................50

## STATEMENT OF JURISDICTION

The District Court had jurisdiction over this matter pursuant to federal question jurisdiction, 28 U.S.C. §1331. The causes of action are based on Defendant-Appellee Experian Information Solutions' ("Experian") violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681i ("FCRA"). This Court has jurisdiction over this appeal as it is an appeal from a final decision of a district court, which was entered on July 8, 2022. (ECF No. 254). The appeal was timely, as it was filed within 30 days of entry of the final decision. Fed. R. App. P. 4(a)(1)(A).

## <u>STATEMENT OF THE ISSUES</u>

1.      Whether the District Court erred by allowing the admission of Losch's bankruptcy documents when these were irrelevant to the disputed trial issues, confusing and misleading to the jury, and unfairly prejudicial to Losch.

2.      Whether the District Court erred by allowing the admission of Losch's Second Amended Complaint ("SAC") when this was irrelevant to the disputed trial issues, inadmissible hearsay, and unfairly prejudicial to Losch.

3.      Whether the District Court erred by taking judicial notice of 11 U.S.C. §§ 524(c) and 524 (c)(4) when these provisions of the United States Bankruptcy Code were irrelevant to the disputed trial issues, inadmissible hearsay, confusing and misleading to the jury, and unfairly prejudicial to Losch.

4.      Whether the District Court erred by granting Experian's motions in limine precluding Losch from referencing or introducing evidence that the other national consumer reporting agencies correctly reported the Nationstar account (the tradeline at issue in this action).

5.      Whether the District Court erred by granting Experian's motions in limine precluding Losch from referencing or introducing evidence of Experian's size and resources.

6.      Whether the District Court erred by ruling and instructing the jury that Losch had the burden of proof with respect to the unreasonableness of Experian's

procedures under 15 U.S.C. § 1681e(b) of the FCRA.

7.     Whether the District Court erred by failing to give limiting jury instructions regarding (i) Losch's bankruptcy documents, (ii) the SAC, and (iii) Experian's repeated reference to the Nationstar settlement during the trial when these were irrelevant to the disputed trial issues, inadmissible hearsay, confusing and misleading to the jury, and unfairly prejudicial to Losch.

8.     Whether the District Court erred by failing to give curative or limiting jury instructions regarding Experian's unfairly prejudicial, disparaging statements about Losch's counsel during the trial.

9.     Whether the District Court erred by instructing the jury as to a duty to mitigate.

## STATEMENT OF THE CASE
## PROCEDURAL HISTORY

Plaintiff-Appellant Henry Losch ("Losch") filed this action on December 10, 2018, against Experian for violations under the FCRA, 15 U.S.C. §§ 1681e(b) and 1681i. (ECF No. 1). Losch filed his SAC on June 6, 2019, against Experian asserting the same violations. (ECF No. 60). Summary judgment was granted in favor of Experian on February 12, 2020. (ECF No. 127). Plaintiff filed his appeal ("Losch I") with this Court on February 20, 2020. (ECF No. 129). On April 28, 2021, this Court vacated in part and affirmed in part the District Court's grant of Experian's

Motion for Summary Judgment and remanded the case for further proceedings consistent with this Court's opinion. ECF No. 148 at 19; *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 947-48 (11th Cir. 2021).

After remand to the District Court, the Parties consented to proceed before a United States Magistrate Judge for trial proceedings. (ECF Nos. 172, 175). The trial proceedings by jury commenced on June 27, 2022, and concluded on July 1, 2022. The jury rendered a verdict in favor of Experian and against Losch on July 1 and Judgment was entered on July 8. (ECF No. 254).

Losch timely filed his Notice of Appeal to this Court to vacate the Judgment (ECF No. 254) and remand to the District Court for a new trial. (ECF No. 257).

## STATEMENT OF FACTS

In or around 2014, Losch had worked as an industrial engineer for over 40 years when he was let go from his job. After three years of trying to find meaningful work and living off his retirement, a fixed monthly rental income, and credit, Losch was still barely able to support his wife, Jody, and daughter. In March 2017, Losch and Jody made the difficult decision to file for bankruptcy.

At the time of the filing, Losch owned a home located in Apopka, Florida (the "Apopka property") and intended to keep it. However, over the course of the bankruptcy proceedings, the mortgage was eventually included in his bankruptcy discharge and Losch no longer owned the Apopka property. After his bankruptcy

was discharged in June 2017, Losch and Jody were hopeful for the fresh start that their family was entitled to and desperately needed.

In May 2018, Losch discovered that Experian, one of the three major consumer reporting agencies, was inaccurately reporting the mortgage connected to the Apopka property (the "Nationstar Account") in his consumer report. Rather than reporting the Nationstar Account as discharged in bankruptcy, Experian was reporting a $139,853 balance, $10,006 amount past due, 180 days late, and in default. (ECF No. 251-1). However, Experian was accurately reporting Losch's bankruptcy information, including the bankruptcy court, case number, and filing and discharge dates.

Following this discovery, Losch mailed a dispute letter to Experian disputing the Nationstar Account on June 15, 2018. (ECF No. 251-2). Experian received this letter on June 19, 2018. (ECF No. 251-9). Rather than conducting its own investigation, Experian forwarded the dispute letter and an Automated Consumer Data Verification ("ACDV") form to the furnisher Nationstar. (ECF No. 251-6). Nationstar responded to the ACDV and confirmed that Losch still owed the debt, had an amount past due, and added additional late payment notations. *Id.* at 27. The ACDV did not instruct Experian to report the Nationstar Account as discharged in Losch's bankruptcy. *Id.*

On July 12, 2018, Losch received his dispute results from Experian and saw

that it was still inaccurately reporting the Nationstar Account. Furthermore, the reported information was worse than what was reported before Losch's dispute. (ECF No. 251-8). The instant action followed.

## STANDARD OF REVIEW

This Court reviews a district court's evidentiary rulings for abuse of discretion and will reverse if the error may have had a substantial influence on the outcome of the proceeding. *Knight v. Miami-Dade Cnty.*, 856 F.3d 795, 813 (11th Cir. 2017) (citing *United States v. Augustin*, 661 F.3d 1105, 1127 (11th Cir. 2011).

A district court's refusal to give a requested jury instruction is also reviewed for abuse of discretion. *Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC*, 684 F.3d 1211, 1224 (11th Cir. 2012). When evaluating a trial court's failure to give a requested instruction, "the omission is error only if the requested instruction is correct, not adequately covered by the charge given, and involves a point so important that failure to give the instruction seriously impaired the party's ability to present an effective case." *Wood v. President & Trs. of Spring Hill Coll.*, 978 F.2d 1214, 1222 (11th Cir. 1992).

Additionally, jury instructions challenged in the district court are reviewed "*de novo* to determine whether the instructions misstated the law or misled the jury to the prejudice of the objecting party." *United States v. Felts*, 579 F.3d

1341, 1342 (11th Cir.2009)." *United States v. Gibson*, 708 F.3d 1256, 1275 (11th Cir. 2013).

## SUMMARY OF THE ARGUMENT

The District Court made numerous errors during trial, which caused Losch substantial unfair prejudice, prevented Losch from effectively presenting his case to the jury, and substantially impacted the proceedings and outcome of trial.

These errors included the admission of admittedly irrelevant evidence such as Losch's SAC and certain bankruptcy pleadings filed in the Bankruptcy Court (namely, a Motion to Set Aside). Experian admitted during trial that it did not consider any of Losch's bankruptcy documents, and that by the time of Losch's dispute, the Motion to Set Aside had been granted, and the Nationstar debt was discharged.

The District Court's admission of these irrelevant, unfairly prejudicial materials was buttressed by the court's judicial notice (at Experian's request) of 11 U.S.C. §§ 524(c) and 524 (c)(4) of the United States Bankruptcy Code pertaining to the time to rescind a reaffirmation agreement, which under the facts of this case is an incomplete, confusing, and misleading statement of the law since the Nationstar debt was discharged notwithstanding the temporal limitation contained in the cited provisions. Thus, in addition to being irrelevant, these materials were also misleading, confusing to the jury and unfairly prejudicial. Nevertheless, the District

Court allowed these materials into evidence for inadmissible purposes and failed to properly instruct the jury or to give limiting instructions on the use of this evidence even though Experian insisted that the jury consider these materials for the truth of the matters contained therein.

The District Court also failed to properly instruct the jury on use of the SAC. Consequently, Experian was allowed to argue that the SAC demonstrates that a third party was at fault, and during closing arguments, went so far as to specifically instruct the jury to review the allegations in the SAC during their deliberations.

The District Court also allowed Experian to discuss Losch's settlement with Nationstar for an impermissible purpose—i.e., that Losch has been compensated for his damages. Remarkably, Experian was allowed to make these unfairly prejudicial statements despite the District Court's prior acknowledgment that the settlement would only be permitted to explain why Nationstar was not a defendant at trial. Indeed, in the District Court's own words, "Moreover, the evidence of Plaintiff's settlement with Nationstar is not necessarily barred by Fed. R. Evid. 408 **given that Defendant has asserted that it seeks to use the settlement to explain Nationstar's absence from the trial**." (ECF No. 215, at 7) (emphasis added).

The foregoing errors were substantially prejudicial, confusing, and misled the jury. Losch's ability to effectively present his case to the jury was substantially impaired since he was required to devote valuable time addressing Experian's

admission of irrelevant materials, which carried the imprimatur of court adjudged relevance. This was not enough, apparently. The silver bullet was refusing to allow Losch to testify based on undisputed, personal, and firsthand knowledge that the other national consumer reporting agencies Equifax and Trans Union correctly reported the Nationstar debt as discharged (which Experian also knew). This evidence was necessary to counter the erroneous admission of the Motion to Set Aside and the incomplete, cherry-picked, otherwise inapplicable code sections for which the District Court took judicial notice.

The District Court also refused to allow Losch to cross-examine Experian about its size and resources, even though Experian testified that it could not have done any more than it had during its "reinvestigation," lacked access to PACER, or persons knowledgeable about bankruptcy law.

The District Court's rulings on numerous jury instructions and proposed curative/limiting instructions also caused Losch substantial unfair prejudice, prevented Losch from effectively presenting his case, and substantially impacted the proceedings and outcome of trial.

First, the District Court erred by ruling and instructing the jury that Losch had the burden of proof with respect to the unreasonableness of Experian's procedures under 15 U.S.C. § 1681e(b) of the FCRA, when Experian has the duty to establish reasonableness once a consumer proves an inaccuracy.

Second, the District Court erred by failing to give limiting instructions regarding the jury's use of Losch's bankruptcy documents, SAC, and the Nationstar settlement during the trial. This evidence was irrelevant to the disputed issues, inadmissible hearsay, and unfairly prejudicial to Losch. Indeed, Experian's entire trial theme was: (i) that Losch's bankruptcy counsel made mistakes and caused the reported inaccuracies, (ii) Nationstar was liable/at-fault—not Experian, and that (iii) Losch did not have damages because he settled with Nationstar.

As discussed above, Experian did not consider Losch's bankruptcy materials before or after the dispute, so any alleged mistake was irrelevant and a red herring (at best). Regardless, by the time of Losch's dispute, the Motion to Set Aside had already been granted. Yet the District Court offered no limiting instruction. Instead, the District Court took judicial notice of 11 U.S.C. §§ 524(c) and 524 (c)(4) of the United States Bankruptcy Code, which only served to confuse and mislead the jury since the temporal limitations were not consequential in the bankruptcy proceedings.

The District Court also allowed failed to give a limiting instruction regarding use of the SAC and the fact that Losch settled with Nationstar. Consequently, Experian urged the jury to focus on the allegations against Nationstar in the SAC and urged the jury to rule that Losch did not have damages because he settled with Nationstar.

The District Court refused to give Losch's requested curative and limiting jury

instructions regarding Experian's unfairly prejudicial, disparaging statements about Losch's counsel during the trial, even though the District Court ostensibly admonished Experian not to make any such statements.

Finally, the District Court erred by instructing the jury as to a duty to mitigate, which was not a proper instruction here. Consequently, Experian used the misplaced instruction along with admission of the SAC to conflate the duty to mitigate with liability by arguing that Losch failed to mitigate because the lawsuit was "entirely" aimed at Nationstar.

## <u>ARGUMENT</u>

**I.    The District Court Made Numerous Erroneous Evidentiary Rulings that Caused Losch Substantial Prejudice and Substantially Influenced the Proceedings and Outcome of Trial; Accordingly, Losch Respectfully Requests that this Honorable Court Vacate the Judgment and Remand to the District Court for a New Trial**

### A.    The District Court's Erroneous Admission of Losch's Bankruptcy Filings (The Amended Motion to Set Aside) was Irrelevant to the Disputed Issues, Caused Losch Substantial Unfair Prejudice, Substantially the Proceedings and Outcome of Trial.

The District Court allowed Experian to introduce into evidence Losch's Motion to Set Aside a reaffirmation agreement filed in the bankruptcy court requesting rescission to allow discharge of the Nationstar debt. Experian was allowed to admit this into evidence even though the motion was admittedly irrelevant and inconsequential to Experian's inaccurate reporting and reinvestigation of

Losch's dispute. Experian did so to misdirect from the genuine trial issues, confuse and mislead the jury, and to blame and otherwise disparage Losch's counsel.

Indeed, during trial, Experian admitted that it generally does not consider bankruptcy filings/records as part of its reinvestigation of a dispute or otherwise— and did not do so in Losch's case (when doing so would confirm the Nationstar debt was discharged as Losch's dispute indicated).

> A.     We do not go look at the public records and look at --
>
> Q.     That's right. You don't even try, that's my point. You don't know whether you could because you don't try, fair?
>
> A.     We don't look at the public records.

Trial Tr. vol. 3, 139:21-25.

> Q.     Right. Nobody at Experian ever looked to verify whether Mr. Losch signed a reaffirmation or rescinded a reaffirmation, right?
>
> A.     That is correct.

*Id.* at 146:13-16.

This admission should have resulted in routine preclusion of this admittedly irrelevant evidence. It did not.

Experian also admitted the Motion to Set Aside was not consequential to any trial issues: (i) whether Experian continued to report the account by following reasonable procures; and (ii) whether Experian conducted a reasonable reinvestigation of Losch's dispute:

> Q. This case is about Nationstar and whether it was reaffirmed – or, I'm sorry, discharged -- actually I'm sorry. **It's already been confirmed that it was discharged. This case is only about whether you accurately continued to report that information after following reasonable procedures; right**?
>
> A. That is what the case is about.
>
> **Q. And whether you conducted a reasonable reinvestigation after he disputed, right, those are the two issues for you, right?**
>
> A. Yes.

Trial Tr. vol. 3, 148:16-149:1 (emphasis added).

Experian's admission the Nationstar debt was in fact discharged by the time of Losch's dispute should have also resulted in routine preclusion. It also did not.

Despite the foregoing admissions, Experian was permitted to introduce the Motion to Set Aside to blame Losch's bankruptcy and trial counsel (repeatedly noting to the jury they were from the same firm) for Experian's inaccurate reporting and failure to reasonably reinvestigate, and to create doubt about the discharge.

Trial Tr. vol. 2, 81:5-12.

> Q. In paragraph 25, your lawyers say that they are asking the Court to apply Federal Rule of Procedure 60, which they say may relieve a party from a final judgment order or proceeding due to mistake, inadvertence, surprise, or excusable neglect. The reason this motion was necessary, sir, was because there was mistake, inadvertence, surprise, or excusable neglect; right?
>
> A. Yeah.

\*　　\*　　\*

Q.　　You agree, though, that this says that they made a mistake, right?

A.　　It looks that way.

*Id.* at 130:7-131:16 (emphasis added).

\*　　\*　　\*

Q.　　The Court, ultimately, granted this motion; right?

A.　　Yes.

*Id.* at 133:5-6.

\*　　\*　　\*

Q.　　And, in fact, as we saw here, your lawyers had made a mistake by not filing a rescission, right?

A.　　Well, that's what that said.

*Id.* at 132:20-22.

Experian repeatedly highlighted this so-called "mistake," even though Experian admitted this had no impact on its inaccurate reporting for two reasons.[1]

First, admittedly, none of the bankruptcy documents/filings were considered or reviewed by Experian at the time of the reporting or when Losch disputed the inaccuracy.

A.　　　　That's correct, we do not actively go out into the public record and look through the bankruptcy

---

[1] Experian even physically highlighted the name "Price Law Group" for the jury and emphasized the terms "mistake, inadvertence, surprise, or excusable neglect" from Rule 60 to further mislead the jury about the cause of the inaccuracies.

documents when a consumer disputes information.

\*     \*     \*

Q.         And you know that the Court granted that motion and Mr. Losch got what he needed, he got a rescission from the bankruptcy court; right?

A.         Yes.

Trial Tr. vol. 3, 149:7-16, 155:6-9.

Second, in the hypothetical instance Experian would have reviewed any bankruptcy filings (it did not), by the time Losch disputed the inaccuracy, the "mistake" was remedied and the Nationstar debt was discharged:

Q.         At the time that counted when you were supposed to reinvestigate, you knew nothing about that mistake?

A.         No, we didn't know that the law firm had made a mistake.

Q.         **And, ultimately, by the time the dispute came, the mistake had already been corrected; right?**

A.         **Yeah, it was almost a year later, yes, sir.**

*Id.* at 155:17-24 (emphasis added).

Q.         **Yeah. The dispute was -- the error with the rescission was corrected before the dispute; right?**

A.         **Yes, sir.**

\*     \*     \*

**Q.** So it had no impact on your reinvestigation because you never considered it; right?

                    *       *       *

**Q.** I'm just asking you if you considered the motions that the law firm filed to rescind that reaffirmation agreement?

**A.** No, sir.

**Q.** In fact, not only did you not consider it, you weren't going to go to the public record to pull those documents to consider them, right?

**A.** That's correct.

*Id.* at 156:3-5, 8-19.

Accordingly, the bankruptcy materials were admittedly and indisputably irrelevant to Experian's procedures or reasonableness of Experian's reinvestigation—and Experian knew this. Nevertheless, the District Court permitted Experian to introduce the Motion to Set Aside causing substantial prejudice to Losch on the issues of liability, causation, and to even imply the Nationstar discharge was not effective based on temporal limitations in 11 U.S.C. §§ 524(c) and 524 (c)(4) of which the District Court erroneously took judicial notice (since this did not prevent rescission or discharge of the Nationstar debt).[2]

All of this was evident in *Losch I*, yet the District Court ignored one of this

---

[2] The District Court also refused to give Losch's requested curative and limiting instructions on this issue as well as Experian's repeated disparagement of counsel.

Court's core findings by allowing Experian to present evidence to the jury suggesting the bankruptcy docket affected Experian's reporting or reinvestigation, when Experian admittedly it never considered these materials:

> **Experian couldn't have known whether it would have found any information unless it had done even a minimal investigation—for instance, by reviewing the bankruptcy docket. It did nothing, although it easily could have done *something* with the information that Losch provided**—an account number, a discharge in bankruptcy, and an explanation of his recission of the reaffirmation. On those facts—where Experian didn't even check the bankruptcy docket—a jury could find that it was negligent in discharging its obligations to conduct a reasonable investigation and reinvestigation into the disputed information.

*Losch v. Nationstar Mortg.*, 995 F.3d 937, 946-47 (11th Cir. 2021).

Based on undisputed evidence and admissions, it was an impossibility for any so-called "mistake" to have impacted Experian's inaccurate reporting or reinvestigation. Experian's use of the bankruptcy motion was unfairly prejudicial and confused/misled the jury.[3] A reasonable jury would be misled or at least confused in numerous regards, including the relevance of the bankruptcy motion to Experian's inaccurate reporting and whether any purported "mistake" by Losch's counsel caused the inaccuracy. These were not harmless errors.

---

[3] Additionally, as this Court held *Losch I*, and the district court acknowledged during the parties' pretrial motions, the only damages relevant to the jury's consideration were damages experienced by Losch **after receiving the dispute responses from Experian.** ECF No. 215, at 8 ("the Eleventh Circuit has precluded [Losch's] ability to obtain any damages incurred "before he informed [Defendant] of the relevant inaccuracy.")

Further, as noted, the District Court's admission of the Motion to Set Aside was buttressed by judicial notice of piecemeal portions of the Bankruptcy Code, 11 U.S.C. §§ 524(c) and 524 (c)(4) (also over Losch's objections). This was equally improper, confusing/misleading, and a materially incomplete statement of law since the Motion was **granted** and the Nationstar debt was discharged **notwithstanding** the 60-day temporal limitation in 11 U.S.C. §§ 524(c) and 524 (c)(4). But this was the point. Experian intended to sow doubt and confusion about the discharge to misdirect from the unreasonableness of its procedures and reinvestigation. The fact that the Nationstar debt was indisputably discharged, and that Experian's reporting and reinvestigation were not dependent upon any of the bankruptcy materials became an asterisk.

Experian's efforts to confuse, mislead, and prejudice the jury substantively tainted the proceedings, unfairly prejudiced Losch, and prevented Losch from obtaining a fair trial or effectively presenting his case to the jury.[4] Losch was required to not only devote substantial time and effort attempting to overcome the unfair prejudice caused by the erroneous admission of the irrelevant bankruptcy materials, but also to the District Court's equally improper/prejudicial judicial notice

_____

[4] Even worse, the District Court also refused to allow Losch to testify—based on personal, firsthand knowledge—that the other national CRAs Equifax and Trans Union correctly reported that the Nationstar account was discharged (something Experian also knew and was undisputed). *See infra* Trial Tr. vol 2, 13:16-19:1.

of §§ 524(c) and 524 (c)(4)—which imparted an imprimatur of "court-approved" relevance, when this was admittedly irrelevant.

For the foregoing reasons, Losch respectfully requests that this Honorable Court vacate the judgment and remand to the District Court for a new trial.

**B.** **The District Court's Erroneous Admission of Losch's Second Amended Complaint ("SAC"), which was also Irrelevant, Inadmissible Hearsay, and Unfairly Prejudiced Losch also had Substantial Influence on the Outcome of the Proceedings and Caused Substantial Prejudice to Losch**

The District Court made equally unfair, prejudicial rulings by admitting Losch's SAC into evidence and then refusing to give Losch's requested limiting instruction regarding the SAC. During trial, Losch testified that he could not recall whether he sued Nationstar in the lawsuit or merely agreed to a settlement with Nationstar. *See* Trial Tr. vol. 2, 86:16-87:2 (testifying he could not recall if he also sued Nationstar); 87:15-19 (same); 99:3-100:2 (Losch shown SAC but did not refresh recollection).

Experian therefore sought judicial notice of the SAC based on Losch's inability to recall that he sued Nationstar, and the District Court took judicial notice of the SAC. Trial Tr. vol. 2, 100:3-101:2.

However, judicial notice and then admission/use of the SAC went well beyond any permissible purpose. Initially, Experian ostensibly represented Losch's SAC was necessary to either refresh Losch's recollection, or as a party

admission/prior inconsistent statement that Losch sued Nationstar. But this was not Experian's true purpose. Rather than merely taking judicial notice of the fact Losch sued Nationstar, or (correctly) limiting use of the SAC to either refresh Losch's recollection or for impeachment, the District Court incomprehensibly permitted Experian to use the SAC as **substantive evidence** on the issue of comparative negligence. The District Court allowed Experian to move the entirety of the SAC into evidence as a jury exhibit without proper instruction or any limiting instruction:[5]

> THE COURT: Very well. Now, as to admissibility beyond judicial notice, what is the basis of your objection?
>
> \*      \*      \*
>
> MS. ROTKIS: Your Honor, the purpose of introducing this complaint is part of their entire defense strategy, you know, show how Nationstar is not on trial here. Experian is on trial here and the allegations in the complaint have been resolved against Nationstar; so...
>
> MR. WIERS: **And, Your Honor, we also have a defense of contributory negligence; so...**

---

[5] The Magistrate stated he would instruct the jury on "judicial notice" of the SAC, but as discussed *infra* Trial Tr. vol. 2, 101:6-9, this instruction was also confusing and misleading.

> THE COURT: Defendant's Exhibit 100. At this point, I will have to give an instruction to the jury that the Court has taken judicial notice that the complaint was filed. Are we in agreement on that?

THE COURT: **Comparative fault, yes. There is the affirmative defense, Ms. Rotkis, which is still in play.**

MS. ROTKIS: The actual allegations in the complaint are formulated by lawyers to -- you know, based on the facts that we gathered from our client and from the documents. They've been resolved. I mean, I don't think that it's relevant to this claim. Even if there's comparative negligence, Experian might have a cause of action against Nationstar, but that doesn't excuse it of its duties to Mr. Losch.

MR. WIERS: **Well, Your Honor, the notion that the complaint is not relevant is -- especially when we have a comparative negligence claim in the case, we have to be able to show that this was the negligence caused by Nationstar. It's completely relevant, not to mention the background on the bankruptcy details I'm going to use it for now.**

THE COURT: **I agree as to relevance. It seems to me the question -- the challenge here is for Mr. Losch to remember that he has, in fact, sued the other defendant.** And my instinct is is that's the question that's being asked. I don't know that you've asked sufficient questions about the nature of the complaint at this point to get the answer that we need to move forward, at least as to the complaint, so I can't instruct you as to the questions to ask, but I am going to ask you to examine him further as to the complaint and whether he has any reason to believe that that is not the complaint filed on his behalf by his lawyers in this case and see if we can't break through it that way. **As to admissibility, I'm ruling that it is relevant. The objection will be overruled, but I'll give you another chance to examine him on the complaint to see if we can more successfully refresh his recollection as to the claims that have been asserted against Nationstar in this action. So, for now, the**

> **objection is overruled. And I'm going to give you, Mr. Wiers, another chance to examine him.** [6]

Trial Tr. vol. 2, 101:12-13; 102:6-103:23 (emphasis added).

This was yet another incorrect, unfairly prejudicial ruling on evidence at trial. As indicated above, the District Court's ruling appeared to reflect that use of the SAC was based on Losch's inability to recall that he sued Nationstar. However, Experian's statements to the court confirm Experian intended to use the SAC as substantive evidence of comparative negligence (which it did). The District Court admitted the SAC into evidence over Losch's objections, and Experian's use of the SAC was unrestrained even though the Court had already taken judicial notice of the fact that Losch sued Nationstar. *Id.* at 105:24-106:9.

In sum, the District Court's admission of the SAC was improper, contrary to law, and substantially prejudicial. The District Court's accompanying judicial notice instruction was also confusing and substantially prejudicial to Losch.

### 1. The SAC was Irrelevant and Admission of the SAC—Much Less with No Proper or Limiting Instruction on Use of the SAC—is Reversible Error

Fed. R. Evid. 401 provides that, "Evidence is relevant if: **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence;

---

[6] The District Court states the SAC is relevant and admissible as substantive evidence of **comparative negligence** (Experian's proffered basis) but justified its admission on the basis the SAC could be used to refresh Losch's recollection about suing Nationstar. These are profoundly distinct purposes.

and **(b)** the fact is of consequence in determining the action.

Generally, a party's complaint is not evidence, "[a] party's pleadings are not evidence..." (*Magwood v. Sec'y, Fla. Dep't of Corr.,* No. 3:08-cv-747-J-34JRK, 2020 U.S. Dist. LEXIS 5961, at *3 (M.D. Fla. Jan. 14, 2020)).

Federal courts permit the use of prior pleadings where a prior inconsistent statement is shown, or where a pleading is used to refresh a witness's recollection. *See Rowe v. U.S. Bancorp*, --- Fed.Appx. ----, 2014 WL 2700203, at *1 (11th Cir. June 16, 2014) (statements in prior pleadings admissible if pleadings indicate the party against whom they are admitted has adopted a position inconsistent with that in the earlier litigation."); *Addison v. Arnett*, CIVIL ACTION NO.: 2:13-cv-71, at *6 (S.D. Ga. July 6, 2016) ("While inadmissible evidence used to impeach a witness may not be admitted as substantive evidence, Plaintiff's prior inconsistent statements are admissible for impeachment purposes.") (citing_*United States v. Feliciano*, 761 F.3d 1201, 1211 (11th Cir. 2014) (court may issue a limiting instruction in which the jury is instructed that a party's prior inconsistent statement is admissible for impeachment purposes only); *see also Mitchell v. Fruehauf Corp*., 568 F.2d 1139 (4th Cir. 1978) ("Prior pleadings are admissible if such pleadings indicate that the party against whom they are admitted has adopted a position inconsistent with that in the earlier litigation.").

The SAC could be used to demonstrate that Losch sued Nationstar. **Beyond**

whom Losch sued, the SAC was not relevant to any fact at issue during trial and was not substantive evidence of disputed issues at trial. The SAC should have been limited to who Losch sued as the District Court initially indicated. But this is not what occurred. After Experian refreshed Losch's recollection, the Magistrate **admitted** Losch's SAC as substantive evidence over Losch's FRE 403 objections and allowed Experian to use and refer to the SAC for the truth of the matters alleged. Experian went far beyond the fact that Losch sued the furnisher Nationstar using the SAC as evidence of damages and comparative fault.

MR. WIERS: And, Your Honor, we also have a defense of contributory negligence; so...

THE COURT: Comparative fault, yes. There is the affirmative defense, Ms. Rotkis, which is still in play.

MS. ROTKIS: The actual allegations in the complaint are formulated by lawyers to -- you know, based on the facts that we gathered from our client and from the documents. They've been resolved. I mean, I don't think that it's relevant to this claim. Even if there's comparative negligence, Experian might have a cause of action against Nationstar, but that doesn't excuse it of its duties to Mr. Losch.

MR. WIERS: Well, Your Honor, the notion that the complaint is not relevant is -- especially when we have a comparative negligence claim in the case, we have to be able to show that this was the negligence caused by Nationstar. It's completely relevant, not to mention the background on the bankruptcy details I'm going to use it for now.

THE COURT: I agree as to relevance. . .

*See supra* Trial Tr. vol. 2, 102:11-103:23.

During closing Experian implored the jury to consider the SAC as substantive evidence on the question of comparative negligence/fault, and also tainted the jury's deliberations based on the fact Losch settled with Nationstar:

> **And I want you to -- if there's one piece of evidence I want you to look at in the jury room, it's the complaint, okay? Defendant's Exhibit 100.** I've never seen someone object to trying to use the complaint at trial. **And boy, oh, boy does plaintiff want to keep you from seeing this. And the reason is this is all about Nationstar. Look through thing this. Nationstar did this; Nationstar did that; Nationstar did this. Experian is an afterthought, a bit player, a few paragraphs.**
>
> But he settled with Nationstar. He's been paid by Nationstar. So now he's trying to get that last bit of gravy, but he's already been paid, folks.

Trial Tr. vol. 5, 57:17-58:2 (emphasis added).

Admission of the SAC and use as substantive evidence was improper, irrelevant, confusing/misleading to the jury, unfairly prejudicial, and exceeded the permissible purpose of impeachment/refreshing recollection. This substantially impacted Losch's ability to effectively present his case at trial since this required Losch to once more devote significant time addressing irrelevant, improperly admitted evidence. This constitutes reversible error, and Losch respectfully requests a new trial on this additional basis.

### 2. The SAC is Inadmissible Hearsay and Admission and Consideration of the SAC for the Truth of the Matters Concerning Damages, Fault, and Liability is Reversible Error

Additionally, the allegations in the SAC were also inadmissible hearsay. Experian highlighted the allegations against Nationstar in the SAC for the jury and used the SAC as proof of the truth of those allegations, i.e., that the furnisher Nationstar's actions caused all Losch's damages, and not Experian (which is a mischaracterization of the SAC as a whole). "Pleadings, including sworn pleadings are hearsay." *Cline v. Southwest Wheel & Mfg. Co.*, 390 S.W.2d 297, 299 (Tex. Civ. App. 1965). *See also O'Connor v. Carnahan*, 3:09cv224-WS-EMT, at *8 (N.D. Fla. Oct. 21, 2015) (inadmissible hearsay for the purpose of establishing the truth of the content of the statement and do not fall within an exception to the hearsay rule) (citing *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)).

As to the question of damages/fault (as opposed to who Losch sued), the SAC could not be used as a prior inconsistent statement or for impeachment because Losch alleged in the SAC that both Experian and the furnisher Nationstar caused him damages. See Losch continued to object to Experian's use of the SAC for this purpose (Trial Tr. vol. 2, 96-100) but the District Court overruled these objections. This was contrary to law. Federal courts generally hold under these circumstances the pleading should be excluded. *See Vincent v. Louis Marx Co., Inc.*, 874 F.2d 36,

39 (1st Cir. 1989) (citing *Garman v. Griffin*, 666 F.2d 1156 (8th Cir. 1981) (admission constituted prejudicial error).

At most, the District Court should have taken judicial notice for the limited purpose of the fact that Losch sued Nationstar, which is all the law permits.

> The Court takes judicial notice of the state court Amended Complaint and Answer "for the limited purpose of recognizing . . . the subject matter of the litigation" <u>Jones</u>, 29 F.3d at 1553. **The Court <u>does not take judicial notice of accuracy of the factual allegations</u> contained within the state court pleadings**. In addition, the Court's decision to take judicial notice of the state court pleadings **<u>does not constitute a determination regarding the admissibility of such pleadings</u>.**

*Fed. Deposit Ins. Corp. v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, No. 8:11-cv-2831-T-33MAP, at *4-5 (M.D. Fla. May 9, 2013).

Regardless of whether the SAC could be used to impeach/refresh recollection, this does not extend to using the allegations in the SAC to prove the truth of the matters asserted therein to apportion fault or damages based on the number of allegations against each defendant:

> It is recognized that a court may take judicial notice of a document filed in another court **not for the truth of the matters asserted in the other litigation**, **but rather to establish the fact of such litigation and related filings."** United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal citations omitted).

*Id.* at *4.

Experian's use of the SAC as inadmissible hearsay therefore also constitutes reversible error.

### 3. Admission of the SAC was Unfairly Prejudicial under FRE 403 and Also Reversible Error.

Additionally, admission of the SAC was unfairly prejudicial to Losch under FRE 403. Experian used the SAC to argue that Losch's damages were all caused by Nationstar, because the SAC contains more allegations against Nationstar. Trial Tr. vol. 5, 61:21-62:10.

This is unfairly prejudicial because the jury does not understand the scope/use of pleadings drafted by counsel to simply to start a lawsuit, and Fed. R. Civ. P. 8 does not require protracted allegations.

Losch was necessarily unaware of Experian's procedures or the contours of any reinvestigation (for which discovery was necessary). By contrast, Losch had more knowledge of the furnisher's Nationstar's conduct, so Losch asserted more allegations against Nationstar. Allowing the jury to consider the SAC as proof Losch's damages were mostly or solely caused by Nationstar based on the number of allegations, or to make inferences thereon is inherently prejudicial, confusing, and misleading to the jury. This is not how courts construe pleadings and does not do justice under Rule 8. *See* Fed. R. Civ. P. 8(e). Accordingly, Losch respectfully requests a new trial on this additional basis.

### 4. The District Court's Failure to Conduct the Requisite FRE 403 Balancing Test is also Reversible Error

The District Court's failure to consider the prejudicial effect of admission and

use of the SAC under the FRE 403 balancing test is also reversible error. Under the FRE 403 balancing test, even relevant evidence (the SAC was not relevant) is excluded when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Under similar circumstances, the First Circuit remanded in *Vincent* because the district court admitted a complaint where the defendant highlighted the fault of a non-party, and (like here) failed to conduct the requisite Rule 403 balancing test:

> Based on our review of the record we cannot say that plaintiffs' substantial rights were not adversely affected. Nor can we find "with fair assurance that the judgment was not substantially swayed" by the prior pleading. The defendant's main line of defense was that the accident was caused by the negligence of the driver of the car which struck the plaintiff child. The prior pleading, therefore, could have played an important role in the jury's determination of liability. **It was highlighted by defense counsel in his closing argument.** Plaintiffs' evidence was sufficient for a finding of liability. Finally, we note that defendant has not argued that the admission of the pleading was harmless error.

> Although the district court had discretion under Rule 403 to exclude the prior pleading, it could not properly exercise that discretion without balancing the probative value of the evidence against the potential danger of unfair prejudice. *See Linsky v. Hecker*, 753 F.2d 199, 202 (1st Cir. 1985); *Staniewicz v. Beecham*, Inc., 687 F.2d 526, 530 (1st Cir. 1982). No balancing was done.

> \*     \*     \*

> We, therefore, remand to the district court for reconsideration under Fed. R. Evid. 403 of its decision to admit the prior pleading. If it decides to admit the evidence, the verdict will stand. If the evidence is excluded, there must be a new trial.

*Vincent*, 874 F.2d at 41 (emphasis added).

Here, use of the SAC was not harmless. Experian intended for the SAC to substantially impact the jury. Indeed, Experian used the SAC specifically as "evidence" of damages, liability, and fault during witness examination, and during closing arguments implored the jury to rely on the SAC (like in *Vincent*):

> **And I want you to -- if there's one piece of evidence I want you to look at in the jury room, it's the complaint, okay? Defendant's Exhibit 100.** I've never seen someone object to trying to use the complaint at trial. **And boy, oh, boy does plaintiff want to keep you from seeing this. And the reason is this is all about Nationstar. Look through thing this. Nationstar did this; Nationstar did that; Nationstar did this. Experian is an afterthought, a bit player, a few paragraphs.**

Trial Tr. vol. 5, 57:17-25 (emphasis added).

Accordingly, Losch respectfully requests a new trial on this additional basis.

### C. The District Court's Judicial Notice Instruction Accompanying Admission of the SAC was also Erroneous, Unfairly Prejudiced Losch, and Confused and Misled the Jury

The District Court stated it would instruct the jury that the court was taking judicial notice of the fact that "**the complaint was filed**,"

> THE COURT: Defendant's Exhibit 100. At this point, **I will have to give an instruction to the jury that the Court has taken judicial notice that the complaint was filed**. Are we in agreement on that?

Trial Tr. vol. 2, 101:6-9 (emphasis added).

However, the Magistrate's actual instruction to the jury on "judicial notice" of the SAC was the following:

> THE COURT: Members of the jury, **the rules of evidence allow me to accept facts that no one can reasonably dispute**. The law calls this judicial notice. **I have accepted the fact that Defendant's Exhibit 100 is the complaint filed by Mr. Losch in this case as proven. Even though no one has introduced evidence to prove it, you must accept it as true for this case.**

*Id.* at 104:7-13 (emphasis added).

Since the District Court allowed Experian to use the allegations in the SAC and the number of allegations in the SAC as substantive evidence of damages, fault, and liability (which is itself a substantially prejudicial error), the absence of any limiting instruction that the jury could not use the SAC for any purpose other than the fact that this was the complaint filed, served only to further confuse and mislead the jury, and to permit reliance on the SAC as substantive evidence of fault/damages.

The SAC should not have been admitted in the first place since the court could have eliminated the risk of prejudice under Fed. R. Evid. 403 by taking judicial notice of the mere fact that Losch sued Nationstar. However, as instructed, the jury very likely construed the court's judicial notice instruction as admonishing that the facts alleged in the SAC were true and "facts that no one can reasonably dispute." This is inherently prejudicial, confusing, and misleading. At a minimum, the District Court should have instructed the jury that the allegations in the SAC were not

evidence, the allegations could not be considered for the truth of the matters alleged therein or to apportion damages, liability, or fault, and that the SAC could not be used for any purpose other than the fact that the SAC also lists Nationstar as a defendant.[7] Accordingly, Losch respectfully requests a new trial on this additional basis.

> 1. **Judicial Notice of 11 U.S.C. §§ 524(C) and 524 (C)(4) was Improper, since these Provisions of the United States Bankruptcy Code were Irrelevant to the Disputed Issues, and Caused Substantial Unfair Prejudice, and Substantially Influenced the Proceedings and Outcome of Trial**

As discussed above, the District Court's erroneous/prejudicial admission of the irrelevant Moton to Set Aside was buttressed by the court's judicial notice of 11 U.S.C. §§ 524(c) and 524 (c)(4), which pertain to the time to enter and/or rescind reaffirmation agreements:

> As I informed you before, the rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this judicial notice.
>
> I have accepted that Title 11 United States Code Section 524(c), together with Section 524(c)(4), state an agreement between a holder of a claim and the debtor . . . is enforceable . . . **only if the debtor has not rescinded such agreement at any time prior to discharge or within 60 days after such agreement is filed with the bankruptcy court**….
>
> &ast;  &ast;  &ast;

---

[7] Losch maintains admission of the SAC was reversible error notwithstanding any less prejudicial, confusing, or misleading instruction the District Court might have given.

I have accepted these as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

Trial Tr. vol. 3, 70:5-71:6 (emphasis added).

This portion of the Bankruptcy Code was irrelevant to the disputed issues since the Nationstar debt was in fact discharged despite the temporal limitation in §§ 524(c) and 524 (c)(4). The instruction was therefore improper, incomplete, confusing, and misleading because those provisions do not encompass the entirety of the applicable law regarding reaffirmation/ rescission (e.g., equitable exceptions to the 60-day rule) and did not prevent the Nationstar discharge. This was the point. Experian intended for this jury instruction to mischaracterize applicable law to ultimately sow doubt on Losch's discharge.

### 2. 11 U.S.C. §§ 524(c) And 524 (c)(4) Were Irrelevant

Losch's dispute indicates he reaffirmed but then rescinded the reaffirmation agreement, resulting in discharge of the Nationstar debt. Experian confirmed the content of Losch's dispute at trial:

> Q. Right. So when you read it together, this is clearly a man saying this was discharged in my bankruptcy and the reason it was -- it's discharged is because I reaffirmed it, but that was rescinded, because you're reading it together; right?
>
> A. That part, yes.

Trial Tr. vol. 3, 135:15-24.

In Losch's case, the debt was indisputably discharged as a factual matter—and was discharged at the time of his dispute with Experian notwithstanding 11 U.S.C. §§ 524(c) and 524 (c)(4). The temporal limitation was therefore irrelevant here, but Experian intended to cast doubt on the discharge by repeatedly referencing "mistakes" and a purported policy of adherence to the 60-day limit in §§ 524(c) and 524 (c)(4) when Experian never checked or considered Losch's bankruptcy docket/filings to begin with.

Even if the bankruptcy materials were considered by Experian when Losch disputed (they were not), Losch's Nationstar debt indisputably discharged by the time of the dispute. Thus, judicial notice of §§ 524(c) and 524 (c)(4) and the 60-day temporal limitation would not have applied anyway and are irrelevant to Experian's procedures, inaccurate reporting, and reinvestigation of the dispute in this case.

Under these circumstances, federal courts decline to take judicial notice of irrelevant matters (especially incomplete or misleading ones) to avoid precisely the type of unfair prejudice Losch suffered and to avoid imparting false impressions of relevance to the jury:

> "[A] court may thus refuse to take judicial notice of facts that are irrelevant to the proceeding." *Howe v. City of Enter.*, No. 1:15-cv-113-JA-SRW, 2018 WL 8545947, at *8 (M.D. Ala. Sept. 17, 2018) (quoting *Martincek v. LVNV Funding*, LLC, No. 1:16-cv-03587-ELR-JFK, 2017 WL 2903356, at *2 (N.D. Ga. Mar. 16, 2017)), report and recommendation adopted, No. 1:15-cv-113-ECM, 2019 WL 8723922 (M.D. Ala. Mar. 12, 2019); *see also United States v. Falcon*, 957 F. Supp. 1572, 1584-85 (S.D. Fla. 1997) (because the Advisory

> Committee Notes to Rule 408 "define adjudicative facts as the facts of the particular case . . . which relate to the parties[,] . . . a court may refuse to take judicial notice of facts that are irrelevant to the proceeding or (in certain contexts) otherwise excludable under the Federal Rules" (citations and internal quotation marks omitted)).

*Easterwood v. Carnival Corp.*, No. 19-cv-22932-BLOOM/Louis, at *13 (S.D. Fla. Dec. 1, 2020). *See also Couch v. Broward Cnty.*, No. 11-62126-CIV-WILLIAMS/SELTZER, at *3-4 (S.D. Fla. June 5, 2012) (citing *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 793 (8th Cir. 2012) ("Courts are not required to take judicial notice of irrelevant materials."); *Gisclair v. Galliano Marine Service* No. 05-5223, 2007 WL 1238902, at *2 (E.D. La. Apr. 2007) ("[I]t is generally agreed that courts may not take judicial notice of irrelevant facts. . . .").

Piecemeal judicial notice of a proposition of law is also inappropriate where a party intends to use this in support of a **disputed** issue. *Moore v. Potter*, No. 3:04-cv-1057-J-32HTS, at *20 (M.D. Fla. July 26, 2006) ("That rule does not apply to propositions of law or facts that are purportedly in dispute that plaintiff believes supports his various legal theories."). Here, Experian requested judicial notice of 11 U.S.C. §§ 524(c) and 524 (c)(4) specifically in support of the disputed issues of the reasonableness of its procedures and reinvestigation, when Experian admittedly did not consider or review any of the bankruptcy filings and §§ 524(c) and 524 (c)(4) did not prevent the discharge of the Nationstar debt anyway:

> He reaffirmed the debt. You saw that. And the reaffirmation agreement itself says if you want to -- you can rescind this thing. This is a

contractual agreement that we're going to keep things going. I'm going to pay you and you're going to let me keep the house. **You can rescind it, but you have to do it within 60 days. It can be rescinded as long as you rescind within the time allowed, 60 days,** and you saw Experian's policy mirrors that.

*    *    *

His lawyers did nothing to rectify this until November. They filed this motion to set aside. And the reason it had to be set aside is his lawyers, they made mistakes. They bundled this thing. They admitted it to the Court. That's what you should do as lawyers. They admitted it to the Court. And the Court -- you heard about the 60-day rule, but you also heard and the judge took judicial notice. The Court does have power to, nevertheless, grant things even when it's in technical violation of a rule and it does here. It grants the order and he files the rescission.

Trial Tr. vol. 5, 52:14-21, 54:2-11 (emphasis added).

Since the Nationstar debt was discharged notwithstanding 11 U.S.C. §§ 524(c) and 524 (c)(4), judicial notice here did not even amount to support for a disputed fact/issue since the Nationstar debt was admittedly discharged by the time Losch disputed the inaccuracy with Experian. Accordingly, judicial notice of §§ 524(c) and 524 (c)(4), coupled with admission of Losch's bankruptcy documents, was substantially prejudicial to Losch, confusing, and materially misleading to the jury, particularly because these bore the imprimatur of "court approved" relevance.

For these additional reasons, Losch respectfully further requests a new trial.

**D.     The District Court's Erroneous Ruling Precluding Losch from Referencing or Introducing Evidence that the Other National CRAs Correctly Reported the Tradeline at Issue in this Lawsuit had Substantial Influence on the Outcome of the Proceedings and Caused Substantial Prejudice to Losch**

All the foregoing erroneous evidentiary rulings caused Losch substantial unfair prejudice and substantially influenced the outcome of the proceedings since Experian confused and misled the jury by repeatedly referencing Losch's bankruptcy filings and the SAC to argue that fault lay with third parties—not Experian. According to Experian, it could not have done anything differently.

> **In order for Experian to have caused damage, you have to show that there was a way to <u>avoid</u> the damage. <u>There's not</u>. There is <u>no alternative</u>. Experian could have done everything in the world and would <u>never</u> have untied this not or been able to overturn Nationstar's determination of the legal status of this debt.**

Trial Tr. vol. 5, 41:4-9 (emphasis added).

This was demonstrably false. The other national CRAs Equifax and TransUnion correctly reported the Nationstar debt as discharged. This was not only relevant and admissible evidence—but also vitally necessary based on the extensively prejudicial, confusing, and misleading evidence the District Court allowed Experian to introduce. Losch did not dispute with Equifax or TransUnion because these CRAs did not report the same inaccuracy and reported that the Nationstar debt was discharged. However, the District Court precluded Losch from testifying about these facts finding that these facts were irrelevant, posed a risk of prejudice through confusing the jury, and hearsay, even though Losch (and Experian) had personal, firsthand knowledge that Equifax and TransUnion reported the Nationstar account as discharged and testified to this during his deposition. Trial

Tr. vol. 2, 18:3-19:1 (emphasis added). The District Court's preclusion of this evidence and testimony is reversible error.[8]

Contrary to the district court's ruling, federal courts generally recognize that when the other national CRAs do not make the same error, this supports a reasonable inference the CRA failed to follow reasonable procedures. *See Benjamin v. Experian Info. Sols.*, No. 1:20-cv-02466-CC-RDC, 2021 U.S. Dist. LEXIS 179980, at *38 (N.D. Ga. Aug. 4, 2021), *adopted by* 2021 U.S. Dist. LEXIS 178193 (N.D. Ga., Sept. 20, 2021) ("Plaintiff has shown that Trans Union and Equifax did not report the same error related to the Account, which suggests that they have implemented stricter procedures to produce greater accuracy."); *Gibson v. Experian Information Sols., Inc.,* No. 20-CV-00393 (E.D. Mo. October 13, 2020) ("Lending further plausibility to Plaintiff's allegation that Experian failed to follow reasonable procedures is the fact that neither of the other national CRAs reported the inaccuracy."); *Gadomski v. Equifax Info. Servs., LLC*, No. 2:17-CV-00670, 2020 WL 3841041, at *5 (E.D. Cal. July 8, 2020) (same).

Losch was not offering testimony for the truth of the matter asserted therein, but based upon personal, firsthand knowledge the other national CRAs reported the Nationstar account as discharged (this was undisputed), while Experian did not

---

[8] Losch testified at his deposition that Equifax and TransUnion correctly reported the Nationstar account as discharged. *See* Losch Dep. 29:15-22; 97:3-10. Indeed, this Court also acknowledged these facts in *Losch I*.

report that account as discharged. *See, e.g., Semper v. JBC Legal Group*, No. C04-2240L, at *10 n.11 (W.D. Wash. Sep. 6, 2005) (overruling objections to admission of reports, noting reports may be admissible Fed. R. Evid. 803(6) as records of regularly conducted activity, and **overruling objection to plaintiff's testimony regarding various entries on her credit report because "plaintiff may testify based on her personal experience with her own credit reports.").**

The District Court ruled without any elaboration that this had the potential to "confuse" the jury. This was clearly erroneous, substantially prejudicial, and substantially impaired Losch's ability to effectively present his case.

First, the jury would not be confused if Losch testified that he did not dispute with the other national CRAs because he did not observe the same reporting/inaccuracy on the other reports. The fact that the other CRAs correctly reported the Nationstar debt as discharged is a fact personally known to Losch—and Experian—through firsthand knowledge and was undisputed.

Second, the jury would not be confused by the fact that the other national CRAs accurately[9] reported the account as discharged, since this was relevant to the reasonableness of Experian's own procedures and reinvestigation. Further, this was vitally **necessary** for Losch to rebut the numerous deceptive and misleading

---

[9] It was undisputed that Experian's reporting was factually inaccurate. *Losch v. Nationstar Mortg.*, 995 F.3d 937, 945 (11th Cir. 2021) (finding Experian's report was "factually inaccurate.").

arguments Experian made to the jury, including that: (i) fault lay with third parties and not Experian; (ii) Experian was "required" by law to report in the manner that it reported; (iii) Experian could not have had an alternative procedure that would have resulted in accurate reporting, and (iv) Experian's reinvestigation could not have resulted in any other outcome. Experian repeatedly argued during trial and in closing that the inaccuracy was caused by Losch's bankruptcy counsel, *supra* Trial Tr. vol. 5, 56:21-57:5, that the fault/liability all rested with Nationstar, *supra* Trial Tr. vol. 5, 53-62, and that Experian could not "overturn Nationstar's determination of the legal status of this debt." Experian emphasized this throughout trial knowing that the District Court's preclusion of evidence of the other CRAs' reporting would provide cover:

> **There is no alternative**. Experian could have done everything in the world and would never have untied this not **or been able to overturn Nationstar's determination** of the legal status of this debt.

Trial Tr. vol. 5, 41:4-9 (emphasis added).

Each of Experian's contentions is directly rebutted (if not invalidated) by the fact that the other national CRAs correctly reported the Nationstar debt when they had **less** information than Experian to whom Losch sent a dispute.

What confused and misled the jury was the District Court's refusal to permit Losch to testify that Experian was the only national CRA to inaccurately report the Nationstar debt. This only compounded the District Court's other erroneous rulings

such as allowing Experian to use the SAC to argue Losch made more allegations against Nationstar, and its admission of the Motion to Set Aside that Experian used to blame Losch's counsel for the inaccuracy (even though Experian never considered this and at the time of the dispute the Nationstar debt was discharged). Permitting Experian introduce actual hearsay (i.e., the SAC and Motion to Set aside) for the truth of the matters asserted when neither the SAC or motion to set aside had any relevance to the issues at trial, while disallowing Losch from testifying the other national CRAs correctly reported the Nationstar account, is the embodiment of a fundamentally unfair, substantially prejudicial trial.

Experian's entire trial theme was to blame Losch's counsel and Nationstar, and to argue that it could not have done anything differently. Allowing the jury to consider that the other CRAs correctly reported the Nationstar account would have exposed Experian's arguments as red herrings, or at a minimum these arguments would have carried substantially less weight with the jury. Without this evidence, Losch was unable to effectively rebut Experian's repeated arguments that fault lay elsewhere or Experian's implication the Nationstar debt might not be discharged— which already carried the imprimatur of "court approval" through the improper judicial notice of portions of 11 U.S.C. §§ 524. There could hardly be a ruling more unfairly prejudicial to Losch, or which more seriously impaired his ability to present

his case fairly and effectively to the jury. Accordingly, Losch respectfully requests that this Honorable Court remand for a new trial on this additional basis.

E.    **The District Court's Erroneous Ruling on Experian's Motions in Limine Precluding Losch from Referencing or Introducing Evidence of Experian's Corporate Size and Resources when the Question of Resources is Relevant to the Issue of Reasonableness of Consumer Reporting Agency Procedures, also had Substantial Influence on the Outcome of the Proceedings and Caused Substantial Prejudice to Losch**

Prior to and during trial, the District Court precluded Losch from offering evidence concerning Experian's size and resources for the purpose of the reasonableness of Experian's procedures. ECF No. 215 (Order granting Experian motion in limine) and Trial Tr. vol. 3, 123-24 (sustaining Experian objection).

The District Court believed these were relevant but outweighed by prejudice. ECF No. 215, at 27. The District Court noted the ruling was subject to reconsideration if Experian opened the door by arguing or implying it was not financially capable of engaging in a particular procedure or reinvestigation. *Id*.

Experian did not heed the admonition. Throughout trial, Experian argued that it was not capable of doing any more in response to Losch's dispute (even though the other national CRAs correctly reported the Nationstar debt **without** a dispute).

> In order for Experian to have caused damage, you have to show that there was a way to avoid the damage. There's not. There is no alternative. Experian could have done everything in the world and would never have untied this knot or been able to overturn Nationstar's determination of the legal status of this debt.

Trial Tr. vol. 5, 41:4-9.

Experian specifically referenced cost and expense for why it acted reasonably

in handling Losch's dispute:

> If Experian had made a mistake here, you almost certainly would not
> see us up here either. You can see, I hope, we take this very seriously.
> **This is a very expensive process, but some things, some principles
> matter.**

*Id.* at 53:19-24.

Experian also misled the jury by suggesting Experian did not have access to

PACER or employ individuals familiar with bankruptcy (other than Mrs. Methvin

or someone making a "wild guess"):

> This account was discharged, rescinded, reaffirmed. Who would best
> know that? **Well, Nationstar and their bankruptcy team and the
> folks who have -- who are accessing Pacer and who have access to
> his whole history.** And that is their job. I submit to you that that is
> reasonable. It is reasonable to do that and then it is reasonable to rely
> on their certification that they did it. What would be unreasonable is for
> Experian to do that and to then say you know what, though, let me
> check. Let me send Mrs. Methvin to root around in this docket.
>
> **
>
> **This would result in someone making a wild guess, and that is not
> what we should be doing.** It's not what Experian should be doing. It's
> what, I suspect, no one wants Experian to be doing.

*Id.* at 66:19-67:6, 67:23-68:1.

This was plainly afoul of the District Court's admonition and at least opened

the door to cross examine Experian about its size, resources, access to PACER, and

capabilities for to investigating bankruptcy-related disputes. However, Losch was precluded from doing so. Trial Tr. vol. 3, 122-24. This substantially impaired Losch's ability to effectively present his case and was substantially prejudicial since Experian specifically argued it lacked the resources or capability to accurately report the information Losch disputed even though the dispute could be substantive by the public bankruptcy docket (and the other national CRAs correctly reported this information). This also warrants remand and a new trial.

## II. The District Court's Refusal to Give Losch's Proposed Jury Instructions, Proposed Limiting/Curative Instructions, and Overruling of Losch's Objections to Certain Jury Instructions Caused Substantial Prejudice to Losch and Seriously Impaired Losch's Ability to Present an Effective Case; Accordingly, Losch Respectfully Requests this Honorable Court Vacate the Judgment and Remand to the District Court for a New Trial

### A. The District Court's Erroneous Jury Instruction that Losch had the Burden of Proof Regarding the Unreasonableness of Experian's Procedures under 15 U.S.C. § 1681e(B) of the FCRA Caused Substantial Prejudice, Seriously Impaired Losch's Ability to Present an Effective Case, and is Reversible Error

"[A] district court's erroneous jury instruction on the burden of proof constitutes reversible error." *Blossom v. CSX Transportation, Inc.*, 13 F.3d 1477, 1479 (11th Cir. 1994).

In FCRA cases, once an inaccuracy is established by the plaintiff in an e(b) claim, the burden shifts to the defendant to show the reasonableness of procedures.

> In order to make out a prima facie violation of section 607(b), the Act implicitly requires that a consumer must present evidence tending to show that a credit reporting agency prepared a report containing

43

"inaccurate" information. If he fails to satisfy this initial burden, the consumer, as a matter of law, has not established a violation of section 607(b), and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency. The Act, however, does not make reporting agencies strictly liable for all inaccuracies. The agency can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures, which will be a jury question in the overwhelming majority of cases. Thus, prior to sending a section 607(b) claim to the jury, a credit reporting agency can usually prevail only if a court finds, as a matter of law, that a credit report was "accurate".

*Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991).

*See also Guimond v. Trans Union Credit Information Co.,* 45 F.3d 1329, 1333 (9th Cir. 1995) (same) (citing *Cahlin*); *Philbin v. Trans Union*, 101 F.3d 957 (3d Cir. 1997) (jury may infer from inaccuracy CRA failed to use reasonable procedures).

This is intuitive since CRAs possess all relevant knowledge of their policies and procedures. Therefore, CRAs have every incentive **not** to disclose all relevant information, because the less the consumer has at trial, the harder to carry the burden of proof. If the burden didn't shift, consumers would be fighting an uphill battle the entire way with little hope of success. When the burden shifts, CRAs that comply with the FCRA are incentivized to disclose the relevant procedures to argue reasonableness (and CRAs following unreasonable procedures become apparent).

Losch requested that the jury instructions reflect the correct burden, *see* ECF No. 198 at 27, 49, so that once Losch established an inaccuracy, Experian had the

burden to "establish [] that [the] inaccurate report was generated by following reasonable procedures." *Cahlin*, 936 F.2d 1156.

Losch's Proposed Jury Instruction 5 provides, in relevant part:

Once it is established that the consumer reporting agency did, in fact, report inaccurate information, Experian may only avoid liability if it can prove, as an affirmative defense, that its procedures were reasonably adapted to assure the maximum possible accuracy of the information it published about Mr. Losch. Procedures are reasonable under § 1681e(b) if they ensure that the consumer's report is as maximally accurate as possible.

The parties have already stipulated that the information reported by Experian was inaccurate. It is therefore Experian's burden to prove by a preponderance of the evidence that it maintained reasonable procedures and that those procedures assured maximum possible accuracy of the information it reported about Mr. Losch. If Experian does not do so, you must find that Experian violated 15 U.S.C. § 1681e(b) of the FCRA.

ECF No. 198 at 27.

Relatedly, Losch's Proposed Jury Instruction 12 provides, in relevant part:

Usually, Plaintiffs like Mr. Losch have the burden of proving all of the essential elements by what the law calls a "preponderance of the evidence." However, in this case, Mr. Losch only has to prove one or two of the essential elements of the claim by the preponderance of the evidence and, if he does so, Experian then has the burden of proving by the preponderance of the evidence that it fulfilled the requirements of the FCRA.

*Id.* at 49.

However, the District Court refused to give Losch's requested jury instruction and overruled Losch's objections to the erroneous jury instruction that shifted the

45

burden of proof on the issue of reasonableness of procedures. Losch objected at the initial pretrial hearing, *see* Trial Tr. vol. 1, 47-53 ("The plaintiff's objection to the Court's instruction on burden of proof is noted, but overruled."); and again, during the charging conference. *See* Trial Tr. vol. 5, 93-94. ("My ruling in that regard stands, so the plaintiff's objection to this instruction on that grounds is – or on that ground is overruled.").

Thus, rather than consider whether Experian established by a preponderance of the evidence that it followed reasonable procedures, the jury was erroneously instructed that Losch was required to establish by a preponderance of the evidence that Experian followed unreasonable procedures. Experian predictably argued then, that there was no other alternative procedure and Experian did what was required under the law (bolstered by the numerous other erroneous evidentiary rulings by the District Court and judicial notice of 11 U.S.C. 524). Trial Tr. vol. 5, 41:4-9.

Incorrectly instructing on the burden of proof (shifting) is reversible error. *Blossom*, 13 F.3d 1479 (erroneous jury instruction on the burden of proof constitutes reversible error). Here, Losch's presentation of the case to the jury, and the jury's findings and verdict, which was based on its weighing of the evidence and which party carried the burden on the question of reasonableness, was substantially prejudiced since the jury did not have to consider whether Experian demonstrated

that its procedures were reasonable. Accordingly, Losch respectfully requests that this Honorable Court remand for a new trial on this additional basis.

**B.     The District Court's Erroneous Failure to Give Losch's Requested Curative/Limiting Jury Instructions Regarding Experian's Use of the Bankruptcy Documents, and SAC During Trial, and Settlement with Nationstar, When these were Admittedly Irrelevant to the Disputed Issues, Inadmissible Hearsay, and Unfairly Prejudicial to Losch, also Caused Substantial Prejudice and Seriously Impaired Losch's Ability to Present an Effective Case**

As already discussed, the District Court erred by allowing Losch's bankruptcy filings and SAC as substantive evidence. These materials were irrelevant, used as inadmissible hearsay, confusing and misleading to the jury, and substantially prejudicial under FRE 403 warranting a new trial. The District Court's refusal to give Losch's requested limiting instruction regarding use of these materials made these errors even more consequential.[10]

Losch's presentation of his case was already substantially impaired since he was required to devote substantial time and effort attempting to demonstrate that the bankruptcy materials and SAC were irrelevant—. Those efforts were effectively rendered futile anyway by the District Court's improper judicial notice and accompanying instructions. The jury was therefore left to consider the myriad of

---

[10] Even if Experian had considered any of the bankruptcy records, which it admittedly did not, Experian's corporate representative conceded that by the time of Losch's dispute with Experian, the motion to set aside had been granted and the Nationstar debt was indisputably discharged. *See* Trial Tr. vol. 3, 154-156.

irrelevant, confusing, and materially misleading evidence and arguments by Experian without any limiting or curative instruction by the District Court. The inevitable effect was substantial unfair prejudice to Losch and serious impairment of his ability to effectively present his case to the jury. Losch was forced to continually address irrelevant, immaterial, and otherwise inadmissible evidence during trial and in closing. This invariably confused the jury, placed Experian's procedures and reinvestigation in a falsely positive light, and misdirected the jury from the disputed (genuine) issues of material fact at trial.

The allegations in the SAC against Nationstar had no relevance to Losch's separate claim against Experian for its independent fault/liability for unreasonable procedures and an unreasonable reinvestigation. Federal courts unambiguously hold that civil complaints cannot be admitted for the truth of the matters asserted therein, i.e., as evidence of liability/comparative fault:

> It is recognized that a court may take judicial notice of a document filed in another court **not for the truth of the matters asserted** in the other **litigation**, **but rather to establish the fact of such litigation and related filings."** *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (internal citations omitted).

*Fed. Deposit Ins. Corp. v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, No. 8:11-cv-2831-T-33MAP, at *4 (M.D. Fla. May 9, 2013).

Yet here, Experian offered the allegations in the SAC for the truth of the matter asserted as well as to sway the jury based on the number of allegations against

Nationwide—reading many the allegations from the SAC verbatim. Experian also

heavily relied on the SAC during closing arguments imploring the jury to use this:

[Experian's Cross-Examination of Losch]

Q.  Now, I want to go back to the second amended complaint, which is Exhibit 100, Defense Exhibit 100. It's in your stack. I'll also put it up on the screen here. And, again, these were the allegations you made in a federal lawsuit, and you say in paragraph 88 Nationstar failed to properly investigate Mr. Losch's dispute and failed to correct the inaccurate information. That was right; right, sir?

Q.  91: I'm sorry. As a result of this conduct, action, and inaction of Nationstar, plaintiff suffered damages, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials, reduction in lines of credit and reputation; right, sir?

Q.  In paragraph 66 of your federally filed complaint, you said Mr. Losch continues to receive letters from Nationstar claiming increasingly large amounts due; that was true --

Q.  67: Mr. Losch is shocked, confused, and upset because he thought his liability for the mortgage was extinguished when his bankruptcy trustee sold the property to a third-party; right?

Q.  Paragraph 67. Nationstar sent numerous letters and mortgage loans statements to Mr. Losch regarding the outstanding loan. Nationstar communicated with Mr. Losch with such frequency and in a manner that reasonably could be seen as abusive and harassing; right?

Q.  Paragraph 79: Mr. Losch and his wife have been struggling to recover from their bankruptcy and the constant contact from Nationstar that has added to their stress and anxiety; right?

Trial Tr. vol. 2, 156:24-157:6, 157:19-23, 158:7-9, 15-18, 158:25-159:4, 159:10-13.

[Closing Arguments]

> And I want you to -- if there's one piece of evidence I want you to look at in the jury room, it's the complaint, okay? Defendant's Exhibit 100 . . . And boy, oh, boy does plaintiff want to keep you from seeing this. And the reason is this is all about Nationstar. Look through thing this. Nationstar did this; Nationstar did that; Nationstar did this. Experian is an afterthought, a bit player, a few paragraphs.

Trial Tr. vol. 5, 57:17-25.

The District Court incorrectly allowed the SAC to be introduced into evidence for the truth of the matters alleged and allowed the SACE to be sent back with the jury **with no limiting instructions**. The net effect of this error was substantial prejudice and serious impairment of Losch's ability to effectively present his case since Losch was forced to both address the SAC, and to attempt to overcome the District Court's apparent approval of use of the SAC. Although the SAC should not have been provided to the jury in the first place since this is merely a pleading drafted by attorneys and not substantive evidence. The absence of any limiting instruction on use of the SAC necessarily confused and misled the jury and unfairly prejudiced Losch.

A curative/limiting instruction was also necessary based on Experian's unfairly prejudicial representation to the jury that Losch had already been compensated for his damages by Nationstar.

> He settled with Nationstar, the party that made this mistake. **He's been paid for this.**

***

But he settled with Nationstar. He's been paid by Nationstar, so now he's trying to get that last bit of grave I. **But he's already been paid, folks.**

Trial Tr. vol. 5, 53:18-19, 57:25-58:2 (emphasis added).

The Eleventh Circuit has held that evidence of a settlements to show the absence of damages or the amount of a claim is inadmissible:

> **Rule 408 bars settlements or offers to settle in order "to prove liability for, invalidity of, or amount of a claim**." Fed. R. Evid. 408(a). The rule does not apply if the evidence is offered for another purpose. *See id.* at 408(b).

*Barker v. Niles Bolton Assoc*, 316 F. App'x 933, 937 (11th Cir. 2009). *See also Branch v. Fidelity Casualty Co*., 783 F.2d 1289, 1294 (5th Cir. 1986); *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 246-48 (1st Cir. 1985); *United States v. Contra Costa County Water District*, 678 F.2d 90, 91-92 (9th Cir. 1982).[11]

Accordingly, Losch respectfully requests that this Honorable Court vacate the judgment and remand for a new trial for these additional reasons.

> ### C.  The District Court's Refusal to Give Losch's Requested Curative or Limiting Jury Instructions Regarding Experian's Disparaging, Unfairly Prejudicial Statements about Losch's Counsel During

---

[11] The District Court seemingly understood this. ECF No. 241. ("Moreover, the evidence of Plaintiff's settlement with Nationstar is not necessarily barred by Fed. R. Evid. 408 given that Defendant has asserted that it seeks to use the settlement to explain Nationstar's absence from the trial."). However, like its other ostensible admonitions to Experian about limitation or use of materials, Experian was allowed carte blanche with the jury.

**Trial also Caused Substantial Prejudice and Seriously Impaired Losch's Ability to Effectively Present His Case**

The District Court also refused to give Losch's requested curative instruction regarding Experian's deliberate and sustained disparagement of Losch's counsel. ECF No. 241. This also caused Losch substantial prejudice and serious impairment in effectively presenting his case to the jury.

Experian's purposeful disparagement of counsel was done in tandem with its introduction of the knowingly irrelevant bankruptcy materials, which also admittedly had no impact on Experian's inaccurate reporting or reinvestigation. Nevertheless, Experian continued to fault Losch's counsel. Experian repeatedly drew the jury's attention to the name of the (same) law firm representing Losch in his bankruptcy and at trial:

Q:    And he's from the law firm at Price Law Group; is that correct?

Q:    The same lawyers representing you today; is that right? Same law firm?

Trial Tr. vol. 2, 81:7-8, 10-11.

Experian also quoted from the motion, which contained the applicable legal standard for Rule 60 relief, by emphasizing the term "mistake." *See* Trial Tr. vol. 2, 130:7-25.

Experian was permitted to pursue this line of questioning implying Losch's bankruptcy counsel caused Experian's inaccurate reporting. Seemingly unsatisfied

with endlessly repeating the name of the firm, Experian's counsel went so far as to physically highlight the firm's name on the exhibit projected to the jury.

This was a deliberate misdirection since Experian admitted during trial the so-called "mistake" had no impact on the inaccurate reporting or reinvestigation since Experian never reviewed any of the bankruptcy filings, and even if it had, the debt was discharged by the time Losch disputed the inaccuracy. These errors were compounded by the District Court's improper judicial notice of 11 U.S.C. 524, which lent apparent judicial credence to Experian's arguments.[12]

Consequently, Losch suffered substantial prejudice, and Losch's ability to effectively present his case was substantially impaired by the time and effort required to address the admittedly irrelevant evidence Experian was permitted to introduce at trial. Thus, a curative instruction was appropriate and necessary.

In these circumstances, federal courts do not hesitate to either give curative instructions, which the District Court refused, or to order a new trial. *See Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 761 (7th Cir. 2013) ("[A]rgument aimed at a party's counsel is improper and risks depriving the party of a fair trial."); *Newman v. A. E. Staley Mfg. Co.*, 648 F.2d 330, 334 (5th Cir. 1981) (noting that a reversal is

---

[12] At a minimum, this offered legitimacy to Experian's false implication the Nationstar debt was either not discharged, or that the motion was somehow consequential to Experian's reporting or investigation when admittedly neither was the case.

justified "based on improper comments of counsel" where those comments "impair gravely the calm and dispassionate consideration of the case by the jury...") (quoting *Spach v. Monarch Insurance Co.*, 309 F.2d 949, 953 (5th Cir. 1962)); *United States v. Hernandez*, 145 F.3d 1433, 1439 (11th Cir. 1998) ("casting [...] an aspersion on [...] counsel" is improper).

The District Court's refusal to give a curative instruction is even more confounding since Experian's counsel disregarded a commitment not to further mention or blame/disparage Losch's counsel during closing arguments. Trial Tr. vol. 4, 62:5-12, 16-20.

The very next day during closing arguments, Experian persisted in its unfairly prejudicial disparagement despite its ostensible "commitment":

> This has a second part, though. Even if you think he was damaged in a way that's compensable. **Was that caused by Experian's unreasonable procedures?** Two reasons it's not. One this was all caused by Nationstar. **And perhaps the bankruptcy lawyers who created this quagmire in the first place.**

Trial Tr. vol. 5, 40:21-41:1 (emphasis added).

The District Court initially appeared to agree Experian ran afoul of the court's admonition and Experian's ostensible "commitment," but then shifted course based upon some "nuance" allowing Experian to go even further in its disparagement:

THE COURT:      I don't believe that your statements in closing or arguments in closing are consistent with the Court's ruling on this issue from yesterday. **So I am going to sustain the objection and give a curative**

|                | **instruction to the jury to disregard your statements regarding -- Mr. Chami, your thoughts on the form of the curative instruction?** |
|----------------|---|
|                | \*       \*       \* |
| MR. WIERS:     | Comparative fault is in the case. We've always said we're going to argue comparative fault. We promised we weren't going to call them out directly as the same lawyers and we haven't. |
| THE COURT:     | **I've heard enough. I'm changing my mind. I am overruling the objection.** It was clear yesterday that I thought I had a commitment from defense counsel not to reference the Price Law Group specifically, but I'm realizing now that there was a nuance to the discussion that I was not focused on that is now highlighted by this portion of the closing argument and this sidebar, and I am concluding that references to the bankruptcy counsel and any mistake in the bankruptcy proceeding can be referenced in the closing arguments. So I'm overruling that objection. |

Trial Tr. vol. 5, 46:16-22, 48:24-49:12 (emphasis added).

Predictably, Experian continued to make disparaging remarks about Losch's counsel with impunity (even though the Motion to Set Aside was granted and those proceedings admittedly had no impact on Experian's reporting or investigation):

Because he's a nice man who's received some **bad advice** over the years

\*       \*       \*

His lawyers did nothing to rectify this until November. They filed this motion to set aside. **And the reason it had to be set aside is his lawyers, they made mistakes. They bundled this thing.** They admitted it to the Court.

*     *     *

> Well, the fact that his bankruptcy became so weird. And why did that happen? **His lawyers were ignoring their responsibilities**. They didn't file the rescission, didn't file the rescission, let the 60 days go by, they let the trustee sell the house, they sat and sat and sat and did nothing, and, as a consequence, here we are.

*Id.* at 53:10-11; 54:3-5; 56:21-24; 73:15-20.

Losch's counsel made one more request for a curative instruction, but the District Court refused. *Id.* at 72-75 ("No curative instruction will be provided to the jury.").

The purposeful disparagement of Losch's counsel at trial is sufficient to warrant reversal and a new trial and is especially appropriate here since the foundation of Experian's concerted effort rests upon evidence and proceedings that had no relevance to Experian's inaccurate reporting or reinvestigation since Experian never consider **any** of the bankruptcy filings (and by the time of Losch's dispute the Nationstar debt was indisputably discharged). Accordingly, Losch respectfully requests that this Honorable Court remand for a new trial for these additional reasons.

> **D.      The District Court's Erroneous Allowance of a Duty to Mitigate Jury Instruction also Caused Substantial Prejudice and Seriously Impaired Losch's Ability to Present an Effective Case.**

The District Court also erred by overruling Losch's objection about a duty to mitigate instruction twice and giving the jury this instruction. *See* Trial Tr. vol. 4,

56

94-96, 116-117; Trial Tr. vol. 5, 94, 104, 109.

Here, the duty to mitigate instruction was inappropriate for at least three reasons: (i) Losch mitigated by disputing the account with Experian and filing suit promptly thereafter, (ii) there was no evidence by Experian that Losch allegedly failed to mitigate any category/type of damages; and (iii) Experian's request for the instruction was intended to conflate a purported duty to mitigate with liability (as opposed to damages).

There was no evidence at trial or otherwise that Losch failed to mitigate damages. Experian offered none since Losch promptly disputed the account with Experian and then filed suit shortly thereafter. Federal courts routinely hold that in such instances, a duty to mitigate instruction is inappropriate:

> Additionally, this argument is really one that the plaintiff had an obligation under the FCRA beyond making his disputes to the credit reporting agencies. The plaintiff had no such duties under the law, and defendant's argument regarding a duty to mitigate is no more than rehashing the pretrial ruling by the court that the plaintiff had no such duty.

*Brim v. Midland Credit Management, Inc.*, 795 F. Supp. 2d 1255, *24-25 (N.D. Ala. 2011).

While other courts have opined that *Brim* does not create a bright-line rule that there is never a duty to mitigate in FCRA cases beyond a dispute and lawsuit, the duty nevertheless is applicable to damages—not liability. *Riley v. Equifax Info. Servs.*, 2:20-cv-312-SPC-NPM, at *20-21 (M.D. Fla. Aug. 24, 2021) (while the

evidence in *Brim* did not support a consumer's duty to mitigate, *Brim* does not mean that a CRA can never assert failure to mitigate defense).

Like *Brim*, there was no evidence here that Losch failed to mitigate damages. Cases where a failure to mitigate is at issue involve some type of delay in bringing a lawsuit. *See, e.g., Smith v. Santander Consumer USA, Inc.*, 703 F.3d 316, 318 (5th Cir. 2012) (jury could have adjusted for alleged failure to mitigate his damages by delaying the mortgage refinance until interest rates declined); *Marcinski v. RBS Citizens Bank, N.A.*, 36 F. Supp. 3d 286, 291 (S.D.N.Y. 2014) (citing *Hyde v. Hibernia Nat'l Bank in Jefferson Parish*, 861 F.2d 446, 450 (5th Cir.1988), *cert. denied*, 491 U.S. 910, 109 S. Ct. 3199, 105 L.Ed.2d 706 (1989) (failure of the consumer to mitigate damages by filing suit when he is first injured should have a bearing only on the calculation of damages."). None of that is the case here—Losch promptly disputed the inaccuracy with Experian, and then filed a lawsuit shortly after Experian refused to correct the inaccuracy. Experian therefore used the improper instruction to conflate liability—not to address damages.

> **I believe that we agree that we didn't need to refer explicitly to Mr. Losch's negligence given the duty to mitigate instruction.** And I think the law of tort, as Your Honor has rightly found it, is that other third-parties' contribution to harm is relevant for that defense.

Trial Tr. Vol. 4, 135:1-5 (emphasis added).

During closing, Experian again conflated the duty to mitigate with liability to the jury by highlighting the District Court's erroneous admission of the SAC and arguing to the jury that the SAC was "**entirely**" aimed at Nationstar.

> Now, we now know with the benefit of hindsight that this was wrong, but there was no reasonable way Experian could have figured that out.
>
> \*     \*     \*
>
> **It's important for two reasons. He didn't do any of these things; right? He did not send us a second dispute providing more information and explaining all of this.[13]** He didn't contact Nationstar about it. He didn't put a statement on his credit report making clear to everyone that he was disputing this. Why is that important? Well, it shows, for one, when you're weighing the credibility of his testimony about how frustrated he was and how upset, consider the fact he did nothing. Is that what most folks do when they get upset about something is to do nothing?
>
> The second reason it's important, and you'll be asked on the jury form, if you do get as far as -- to the point where you're putting a number down, **he is only entitled to damages that he didn't <u>mitigate</u> or try to stop, take action to stop it, and I think this is relevant to that**. So the **lawsuit that he filed here was targeted at Nationstar**. It was the result of months and months of collection letters and what he called abusive conduct and they were -- all this parade of horribles in the complaint. And so he filed the lawsuit. The lawsuit was **entirely -- the purpose of it was aimed at Nationstar.**

Trial Tr. vol. 5, 60:23-25, 61:6-62:1 (emphasis added).

---

[13] To the extent Experian argues that Losch failed to mitigate by not sending a second dispute, this is not a failure to mitigate, and this is belied by the fact that the other national CRAs correctly reported the Nationstar discharge (something the District Court precluded Losch from testifying about, which is also reversible error).

Experian's use of the mitigation instruction to conflate liability is inappropriate by any consideration., Indeed, *Brim, Riley, Smith*, *Marcinski, and Hyde* all recognize that the duty to mitigate applies to damages—and is not to be conflated with liability. Yet Experian specifically argued Losch failed to mitigate because he was required to do more than dispute (*e.g.*, submit a second dispute), which is not the law. According to Experian, filing a lawsuit was also insufficient because Experian claimed the lawsuit was "entirely" aimed at Nationstar (even though it is indisputable Losch filed the lawsuit against Experian as well as Nationstar and Experian's argument relied upon incorrectly considering the SAC for the truth of the allegations). Experian deliberately conflated the duty to mitigate with liability to further confuse and mislead the jury. This is precisely why courts like *Brim* hold that a duty to mitigate instruction is inappropriate in cases involving disputes and prompt lawsuits, and why the instruction was inappropriate here. *Brim,* 795 F. Supp. 2d 1255. This is also reversible error.

## CONCLUSION

The District Court made too many erroneous and unfairly prejudicial evidentiary rulings at trial for Losch to have received any semblance of a fair trial.

At Experian's insistence, the District Court admitted indisputably irrelevant evidence like the motion to set aside and SAC, improperly instructed the jury, and took judicial notice of piecemeal portions of a statute that had no impact on the facts

or issues at trial and were therefore misleading and confusing. Experian was even permitted to use the SAC as substantive evidence when even the District Court acknowledged its use was limited to refreshing recollection or a party admission/prior inconsistent statement as to who Losch named in the lawsuit. Experian seized on these erroneous rulings, as it planned all along, to confuse the jury, mislead the jury, and to disparage Losch's counsel.

The District Court's refusal to give **any** limiting instructions on the use of the (irrelevant) materials that the court admitted or a single curative instruction following Experian's sustained disparagement of Losch's counsel underscores how fundamentally unfair and prejudicial the trial was conducted.

The District Court also allowed Experian to argue that Losch had been made whole by his settlement with Nationstar when this was completely irrelevant and ran afoul of the court's order on the motion in limine prohibiting use for this purpose.

Meanwhile, the District Court refused to allow Losch to introduce **undisputed** evidence such as personal knowledge correct reporting by the other CRAs and evidence of Experian's size and resources despite exceeding relevance and necessity for use as impeachment based on Experian's false arguments and evidence about its ability to investigate Losch's dispute or correctly report the account like the other national CRAs.

Many of these errors, standing alone, warrant a new trial, but their cumulative effect is undeniable—Losch was substantially prejudiced at trial by these errors, which prevented Losch from effectively presenting his case. This substantially influenced the proceedings outcome of the trial. For the foregoing reasons, Losch respectfully requests that this Honorable Court vacate the judgment and remand for a new trial.

Date: November 16, 2022

> */s/ David Chami*
> David A. Chami
> Price Law Group, APC
> 8245 N. 85th Way
> Scottsdale, AZ 85258
> T: (818) 600-5515
> F: (818) 600-5415
> david@pricelawgroup.com
>
> Susan M. Rotkis
> Price Law Group, APC
> 2290 East Speedway Boulevard
> Tucson, AZ 85719
> T: (818) 600-5506
> F: (818) 600-5406
> susan@pricelawgroup.com
> *Attorneys for Plaintiff-Appellant*
> *Henry Losch*

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQURIEMENTS

1.    **Type-Volume**

☐    This document complies with the word limit of FRAP 27(d)(2)(A) because, excluding the parts of the document exempted by FRAP 32(f) and _____ _____, this document contains _____words

or

☐    This brief complies with the line limit of FRAP _____ because, excluding the parts of the document exempted by FRAP 32(f) and _____ _____, this brief uses a monospaced typeface and contains _____ lines of text.

or

☒    This brief exceeds the word limit of FRAP 32(a)(7)(B)(i), excluding the parts of the document exempted by FRAP 32(f), this document contains <u>15,079</u> words. As of the date of filing, Plaintiff-Appellant's Motion for Leave to Exceed Word Limit in Principal Brief is pending.

2.    **Typeface and Type-Syle**

☒    This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

*/s/ David Chami*
David Chami
Counsel for Appellant
Dated: November 16, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2022, I electronically filed the foregoing

with the Clerk of the Court of the United States Court of Appeals for the Eleventh

Circuit by using the appellate CM/ECF system.

I certify that all participants in this case are registered CM/ECF users or that

I will accomplish service by U.S. Mail for those participants that are not registered

CM/ECF users.

*/s/ David Chami*
 David Chami
Counsel for Appellant
Dated: November 16, 2022